1   **PINNOCK & WAKEFIELD, A.P.C.**
    David C. Wakefield, Esq.          Bar #: 185736
2   Michelle L. Wakefield, Esq.       Bar #: 200424
    3033 Fifth Avenue, Suite 410
3   San Diego, CA 92103-5973
    Telephone: 619.858.3671
4   Facsimile:  619.858.3646

5   Attorneys for Plaintiffs

6

7                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
8

9   MANTIC ASHANTI'S CAUSE, SUING          Case No. **C 05 5080**
    ON BEHALF OF THEODORE A.
10  PINNOCK AND ITS MEMBERS; and
    THEODORE A. PINNOCK, An             **CIVIL COMPLAINT:**
11  Individual,                         DISCRIMINATORY PRACTICES
                                         IN PUBLIC ACCOMMODATIONS
12              Plaintiffs,              [42 U.S.C. 12182(a) ET. SEQ;
                                         CIVIL CODE 51, 52, 54, 54.1;
13        v.                             HEALTH & SAFETY CODE
                                         19995]
14
    THE MOSSER HOTEL aka MOSSER
15  VICTORIAN HOTEL OF ARTS &           **NEGLIGENCE**
    MUSIC; CHARLES W. MOSSER; And       [CIVIL CODE 1714(a), 2338, 3333;
16  DOES 1 THROUGH 10, Inclusive        EVIDENCE CODE 669(a)]
    Defendants.
17
                                        **DEMAND FOR JURY TRIAL**
18                                       [F.R.Civ.P. rule 38(b); Civ.L.R.
                                         38.1]
19

20

21

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

                                1

# INTRODUCTION

1.    Plaintiffs MANTIC ASHANTI'S CAUSE SUING ON BEHALF OF THEODORE A. PINNOCK AND ITS MEMBERS and THEODORE A. PINNOCK, An Individual, herein complain, by filing this Civil Complaint in accordance with rule 8 of the Federal Rules of Civil Procedure in the Judicial District of the United States District Court for the Northern District of California, that Defendants have in the past, and presently are, engaging in discriminatory practices against individuals with disabilities, specifically including minorities with disabilities. Plaintiffs allege this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal access simply by the executive branch of the Federal Government funding and promoting voluntary compliance efforts.  Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers.  Therefore, Plaintiffs make the following allegations in this federal civil rights action:

## JURISDICTION AND VENUE

2.    The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq.  Venue in the Judicial District of the United States District Court of the Northern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the Northern District of California.

## INTRADISTRICT ASSIGNMENT

3.    Pursuant to Local Rule 3-2, this action should be assigned to the San Francisco Division as the property that is the subject of this action is situated in San

Francisco County.

## SUPPLEMENTAL JURISDICTION

4.     The Judicial District of the United States District Court of the Northern District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a).  The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts.  The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiff's Member Theodore A. Pinnock was denied full and equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws when they attempted to enter, use, and/or exit Defendants' facilities as described below within this Complaint. Further, due to this denial of full and equal access, THEODORE A. PINNOCK and other persons with disabilities were injured.  Based upon the said allegations, the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

## NAMED DEFENDANTS AND NAMED PLAINTIFFS

5.     Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Defendant THE MOSSER HOTEL aka MOSSER VICTORIAN HOTEL OF ARTS & MUSIC (hereinafter referred to as "MOSSER HOTEL") is located at 54 Fourth Street, San Francisco, California, 94103.  Plaintiffs are informed and believe and thereon allege that Defendant CHARLES W. MOSSER is the owner and operator of the business entity known as THE MOSSER HOTEL.   Additionally, Plaintiffs are informed and believe and thereon allege that

3

Defendant CHARLES W. MOSSER is the owner, operator, and/or lessor of the property located at 54 Fourth Street, San Francisco, California, 94103, Assessor Parcel Number: 3705 -004. Defendant CHARLES W. MOSSER is located at 54 Fourth Street, San Francisco, California, 94103. The words Plaintiffs" and "Plaintiff's Member" as used herein specifically include the organization MANTIC ASHANTI'S CAUSE, its Members, its member Theodore A. Pinnock and persons associated with its Members who accompanied Members to Defendants' facilities, as well as THEODORE A. PINNOCK, An Individual.

6.      Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of THE MOSSER HOTEL aka MOSSER VICTORIAN HOTEL OF ARTS & MUSIC and CHARLES W. MOSSER. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

7.      Plaintiffs are informed and believe, and thereon allege, that Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## CONCISE SET OF FACTS

8.      Plaintiff MANTIC ASHANTI'S CAUSE is an organization that advocates on the behalf of its members with disabilities when their civil rights and liberties have been violated. Plaintiff's member THEODORE A. PINNOCK is a member of

Plaintiff Organization and has a physical impairment in that he has Cerebral Palsy and due to this impairment he has learned to successfully operate a wheelchair. Plaintiff THEODORE A. PINNOCK said physical impairment substantially limits one or more of the following major life activities: walking.

9.  On December 8, 2004 through December 9, 2004, Plaintiff's Member THEODORE A. PINNOCK went to Defendants' MOSSER HOTEL facilities to utilize their goods and/or services. Plaintiff's Member and Plaintiff THEODORE A. PINNOCK had made reservations over the Internet for an accessible guestroom in the MOSSER HOTEL. Plaintiff's Member and Plaintiff THEODORE A. PINNOCK's confirmation number was 62986079. Plaintiff's Member and Plaintiff THEODORE A. PINNOCK's specifically requested an accessible guestroom over the phone and was assured that an accessible guestroom would be provided. When Plaintiff's Member and Plaintiff THEODORE A, PINNOCK patronized Defendants' MOSSER HOTEL facilities, he was unable to use and/or had difficulty using the public accommodations' lobby registration counter, elevator, guestroom entrance, guestroom entry door, guestroom, guestroom interior path of travel, guestroom restroom, guestroom lamps, guestroom closet, and guestroom windows at Defendants' business establishment because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG") and/or California's Title 24 Building Code Requirements. Defendants failed to remove access barriers within the public accommodations' lobby registration counter, elevator, guestroom entrance, guestroom entry door, guestroom, guestroom interior path of travel, guestroom restroom, guestroom lamp, guestroom closet, and guestroom windows of Defendants' MOSSER HOTEL establishment. Plaintiffs intend to return to Defendants' facilities in the immediate future.

10.  Plaintiff's Member and Plaintiff THEODORE A. PINNOCK personally experienced difficulty with said access barriers at Defendants' MOSSER HOTEL

facility. Plaintiff's Member and Plaintiff THEODORE A. PINNOCK personally experienced the access barriers in paragraph 8 through paragraph 19.

11.    Defendants' hotel has one hundred sixty-four (164) guestrooms, and fails to have any of the required accessible guestrooms. If a hotel has between one hundred fifty-one (151) and two hundred (200) guestrooms, the hotel shall provide Eight (8) accessible guestrooms with two (2) of the designated accessible guestrooms to provide roll-in showers. Defendants' hotel fails to provide any accessible guestrooms. In addition the lobby registration counter was too high to be accessible and the elevator was not accessible due to the lack of Braille signage.

12.    When Plaintiff's member and Plaintiff Theodore A. Pinnock attempted to stay at Defendants' MOSSER HOTEL, he was shown a guestroom that the hotel staff stated was the only designated accessible guestroom. The designated accessible guestroom was not accessible. The opening width of guestroom entry doorway fails to be accessible, as it is too narrow and does not provide the required door width of thirty-two inches (32"). The entry door operating hardware is not accessible since it requires tight grasping and turning of the wrist to operate.

13.    The interior path of travel within the designated accessible guestroom as it is too narrow in width.

14.    The guestroom bathroom within the designated guestroom also fails to be accessible. The bathroom doorknob is not compliant, as it requires tight grasping and/or twisting of the wrist to operate. The clear opening width of the guestroom bathroom doorway fails to be compliant as it is significantly less in width that the required thirty-two inches (32") wide. The clear floor space inside the guestroom bathroom fails to be compliant since it is too small and thereby inhibiting wheelchair turnaround space. There fails to be any of the required grab bars around the commode. The faucet handles are not accessible, as they require tight grasping and/or twisting of the wrist to operate.

15.    The operable controls of the lamps and windows within the designated guestroom fail to be accessible since the operable controls for the lamps and the windows require tight grasping and/or twisting of the wrist to operate.  The height of the clothes rack in the guestroom closet is too high to be accessible.

16.    Plaintiff's member and Plaintiff Theodore A. Pinnock was shown to many other guestrooms by the hotel staff in addition to the purported designated accessible guestroom but none were accessible.  Plaintiff's member and Plaintiff Theodore A. Pinnock was not able to stay in the guestrooms for which he had reserved and paid the room charge for in advance.  Defendants did not reimburse the room charge.

17.    Defendants made substantial alterations to their hotel facilities in a multi-million dollar renovation that completed in the year 2003.

18.    Plaintiffs' Member and Plaintiff Theodore A. Pinnock is presently deterred from returning due to his knowledge of the barriers to access that exist at Defendants' facilities.

19.    Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities.  Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992.  Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

20.    Plaintiffs believe and herein allege Defendants' facilities have access violations not directly experienced by Plaintiff's Member which would preclude or limit access by Plaintiff's Member and others with disabilities , including, but not limited to, Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet

Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Accordingly, Plaintiffs allege Defendants are required to remove all architectural barriers, known or unknown. Also, Plaintiffs allege Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

21.     Based on these facts, Plaintiffs allege Plaintiff's Member and Plaintiff Theodore A. Pinnock was discriminated against each time he patronized Defendants' establishment. Plaintiff's Member and Plaintiff Theodore A. Pinnock was extremely upset due to Defendants' conduct. Further, Plaintiff's Member and Plaintiff THEODORE A. PINNOCK experienced pain in his legs, back, arms, shoulders and wrists when he attempted to enter, use, and exit Defendants' establishment.

**WHAT CLAIMS ARE PLAINTIFFS ALLEGING AGAINST EACH NAMED DEFENDANT**

22.     THE MOSSER HOTEL aka MOSSER VICTORIAN HOTEL OF ARTS & MUSIC; CHARLES W. MOSSER; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

23.     Plaintiffs aver that the Defendants are liable for the following claims as alleged below:

**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**
FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Claims Under The Americans With Disabilities Act Of 1990**

CLAIM I AGAINST ALL DEFENDANTS: **Denial Of Full And Equal**

**Access**

24.    Based on the facts plead at ¶¶ 8-21 above and elsewhere in this complaint, Plaintiff's Member was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations.  Plaintiffs allege Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a).  Thus, Plaintiff's Member was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff's Member was denied equal access to Defendants' existing facilities.

25.    Plaintiff's member Theodore A. Pinnock has physical impairments as alleged in ¶ 8 above because his conditions affect one or more of the following body systems:  neurological, musculoskeletal, special sense organs, and/or cardiovascular.  Further, Plaintiff's member Theodore A. Pinnock's said physical impairments substantially limits one or more of the following major life activities:  walking.  In addition, Plaintiff's member Theodore A. Pinnock cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person.  Moreover, Plaintiff's member Theodore A. Pinnock has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

**CLAIM II AGAINST ALL DEFENDANTS: <u>Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities</u>**

26.    Based on the facts plead at ¶¶ 8-21 above and elsewhere in this complaint, Plaintiff's Member Theodore A. Pinnock was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants.

Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

27.     Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

28.     Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a).  Therefore, Defendants discriminated against Plaintiff's Member Theodore A. Pinnock in violation of 42 U.S.C. § 12182(a).

29.     Thus, Plaintiff's Member Theodore A. Pinnock was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because said Member Theodore A. Pinnock was denied equal access to Defendants' existing facilities.

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

30.     Based on the facts plead at ¶¶ 8-21 above and elsewhere in this complaint, Plaintiff's Member was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public

accommodation owned, leased, and/or operated by Defendants. Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a). Plaintiffs are informed, believe, and thus allege that architectural barriers which are structural in nature exist within the following physical elements of Defendants' facilities: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).] Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination. [See 42 United States Code 12182(b)(2)(A)(iv).] Thus, Plaintiff's Member was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because said Member was denied equal access to Defendants' existing facilities.

CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And Procedures**

31. Based on the facts plead at ¶¶ 8-21 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff's Member and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a). Thus, said Member was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because said Member was denied equal

access to Defendants' existing facilities.

32. Based on the facts plead at ¶¶ 8-21 above, Claims I, II, and III of Plaintiffs' First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiffs will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiffs allege that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiffs and a substantial segment of the disability community. Plaintiffs allege there is a national public interest in requiring accessibility in places of public accommodation. Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff's Member desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiffs allege that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

33. WHEREFORE, Plaintiffs pray for judgment and relief as hereinafter set forth.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

34. Based on the facts plead at ¶¶ 8-21 above and elsewhere in this complaint, Plaintiff's Member was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1. Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide access to Defendants' facilities due to violations pertaining to the Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces,

Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

35.     These violations denied Plaintiff's Member full and equal access to Defendants' facility. Thus, said Member was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff's Member was denied full, equal and safe access to Defendants' facility, causing severe emotional distress.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

36.     Based on the facts plead at ¶¶ 8-21 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff's Member and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1. Thus, said Member was subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: **Violation Of The Unruh Act**

37.     Based on the facts plead at ¶¶ 8-21 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to discriminate against Plaintiff's Member and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

38.     Based on the facts plead at ¶¶ 8-21 above, Claims I, II, and III of Plaintiffs' Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiffs will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiffs allege that Defendants' discriminatory conduct is

capable of repetition, and this discriminatory repetition adversely impacts Plaintiffs and a substantial segment of the disability community. Plaintiffs allege there is a state and national public interest in requiring accessibility in places of public accommodation. Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff's Member desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiffs allege that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

39.     Wherefore, Plaintiffs pray for damages and relief as hereinafter stated.

## Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws

40.     Defendants, each of them respectively, at times prior to and including, the month of December, 2004, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all potions of this public facility. Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff's Member THEODORE A. PINNOCK and other similarly situated persons with disabilities. Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' MOSSER HOTEL facilities accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code). Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable

conduct in conscious disregard of the rights and/or safety of Plaintiff's Member and of other similarly situated persons, justifying an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

41. Defendants', and each of their, actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiff's Member and other persons with physical disabilities who have been denied the proper access to which they are entitled by law. Further, Defendants', and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiff's Member THEODORE A. PINNOCK and other members of the public with physical disabilities.

42. Plaintiffs pray for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants and encourage owners, lessors, and operators of other public facilities from willful disregard of the rights of persons with disabilities. Plaintiffs do not know the financial worth of Defendants, or the amount of damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

43. Wherefore, Plaintiffs pray for damages and relief as hereinafter stated.

PLAINTIFF THEODORE A. PINNOCK'S THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Negligence as to Plaintiff THEODORE A. PINNOCK only**

44. Based on the facts plead at ¶¶ 8-21 above and elsewhere in this complaint, Defendants owed Plaintiff Theodore A. Pinnock a statutory duty to make their facility accessible and owed Plaintiff Theodore A. Pinnock a duty to keep Plaintiff Theodore A. Pinnock reasonably safe from known dangers and risks of

harm.  This said duty arises by virtue of legal duties proscribed by various federal and state statutes including, but not limited to, ADA, ADAAG, Civil Code 51, 52, 54, 54.1, 54.3, and Title 24 of the California Administrative Code and applicable 1982 Uniform Building Code standards as amended.

45.    Title III of the ADA mandates removal of architectural barriers and prohibits disability discrimination.  As well, Defendants' facility, and other goods, services, and/or facilities provided to the public by Defendants are not accessible to and usable by persons with disabilities as required by Health and Safety Code § 19955 which requires private entities to make their facility accessible before and after remodeling, and to remove architectural barriers.

46.    Therefore, Defendants engaged in discriminatory conduct in that they failed to comply with known duties under the ADA, ADAAG, Civil Code 51, 52, 54, 54.1, 54.3, ADAAG, and Title 24, and knew or should have known that their acts of nonfeasance would cause Plaintiff THEODORE A. PINNOCK emotional, bodily and personal injury.  Plaintiff THEODORE A. PINNOCK alleges that there was bodily injury in this matter because when Plaintiff THEODORE A. PINNOCK attempted to enter, use, and exit Defendants' establishment, Plaintiff THEODORE A. PINNOCK experienced pain in his legs, back, arms, shoulders, and wrists. Plaintiffs further allege that such conduct was done in reckless disregard of the probability of said conduct causing Plaintiff THEODORE A. PINNOCK to suffer bodily or personal injury, anger, embarrassment, depression, anxiety, mortification, humiliation, distress, and fear of physical injury. Plaintiff THEODORE A. PINNOCK, An Individual, alleges that such conduct caused THEODORE A. PINNOCK, An Individual, to suffer the injuries of mental and emotional distress, including, but not limited to, anger, embarrassment, depression, anxiety, mortification, humiliation, distress, and fear of physical injury.  Plaintiff THEODORE A. PINNOCK, An Individual, additionally alleges that such conduct

16

caused THEODORE A. PINNOCK, An Individual, to suffer damages as a result of these injuries.

47.     Wherefore, Plaintiffs pray for damages and relief as hereinafter stated.


DEMAND FOR JUDGMENT FOR RELIEF:

A.     For general damages pursuant to Cal. Civil Code §§ 52, 54.3, 3281, and 3333;

B.     For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

C.     In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

D.     For injunctive relief pursuant to 42 U.S.C. § 12188(a) and Cal. Civil Code § 55.  Plaintiffs request this Court enjoin Defendants to remove all architectural barriers in, at, or on their facilities related to the following: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

E.     For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and Cal. Civil Code § 55;

F.     For treble damages pursuant to Cal. Civil Code §§  52(a), and 54.3(a);

///

17

G.     A Jury Trial and;

H.     For such other further relief as the court deems proper.


Respectfully submitted:


                                        PINNOCK & WAKEFIELD, A.P.C

Dated:        December 7, 2005

                              By: _____

                                        DAVID C. WAKEFIELD, Esq.
                                        MICHELLE L. WAKEFIELD, Esq.
                                        Attorneys for Plaintiffs

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

E-Filing

**SUMMONS IN A CIVIL CASE**

MANTIC ASHANTI'S CAUSE, SUING ON
BEHALF OF THEODORE A. PINNOCK AND
ITS MEMBERS; and THEODORE A. PINNOCK

**CASE NUMBER:**

v.

THE MOSSER HOTEL aka MOSSER
VICTORIAN HOTEL OF ARTS & MUSIC;
CHARLES W. MOSSER;

C 05 5080 JL

FILED BY FAX

TO: (Name and address of defendant)

The Mosser Hotel aka Mosser
Victorian Hotel of Arts & Music;
Charles W. Mosser
54 Fourth St. San Francisco California
94103

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Pinnock & Wakefield, A.P.C.
David C Wakefield, Esq.
Michelle L. Wakefield, Esq.
3033 Fifth Ave, Suite 410
San Diego, Cal. 92103-5973

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE  DEC - 8 2005

(BY) DEPUTY CLERK

MARY ANN BUCKLEY

FILED BY FAX

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MANTIC ASHANTI'S CAUSE, SUING ON BEHALF OF THEODORE A. PINNOCK AND ITS MEMBERS; and THEODORE A. PINNOCK | THE MOSSER HOTEL aka MOSSER VICTORIAN HOTEL OF ARTS & MUSIC; CHARLES W. MOSSER |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

SAN DIEGO

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. SAN FRANCISCO

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DAVID C. WAKEFIELD; PINNOCK & WAKEFIELD, APC
3033 Fifth Avenue, Ste 410, San Diego, CA Tel:619.858.3671

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For diversity cases only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Reinstated or Reopened
- ☐ Transferred from Another district (specify)
- ☐ Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | **PERSONAL PROPERTY** | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth in Lending | ☐690 Other | **LABOR** | ☐850 Securities/Commodities/Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | | ☐710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | | ☐720 Labor/Mgmt Relations | ☐861 HIA (1395ff) |
| ☐195 Contract Product Liability | | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐862 Black Lung (923) |
| ☐196 Franchise | | | | ☐740 Railway Labor Act | ☐863 DIWC/DIWW (405(g)) |
| | | | | ☐790 Other Labor Litigation | ☐864 SSID Title XVI |

☐875 Customer Challenge 12 USC 3410
☐891 Agricultural Acts
☐892 Economic Stabilization Act
☐893 Environmental Matters
☐894 Energy Allocation Act
☐895 Freedom of Information Act

☐865 RSI (405(g))

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | |
|---|---|---|---|
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | **FEDERAL TAX SUITS** |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | ☐870 Taxes (US Plaintiff or Defendant |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | ☐871 IRS - Third Party 26 USC 7609 |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl | ☐555 Prison Condition | |
| | ☒446 Amer w/ disab - Other | | |
| | ☐480 Consumer Credit | | |
| | ☐490 Cable/Satellite TV | | |

☐790 Empl.Ret.Inc. Security Act

☐900 Appeal of Fee Determination Under Equal Access to Justice
☐950 Constitutionality of State Statutes
☐890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. Sections 12181 - 12183 ET. SEQ.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ ☐ CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE 12/7/05

SIGNATURE OF ATTORNEY OF RECORD
David C. Wakefield